IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICENTE SALCEDO, GERALD LINDEN, and BRIAN MERVIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SUBARU OF AMERICA, INC., a New Jersey Corporation, and SUBARU CORPORATION, a Japanese Corporation,<br><br>Defendants. | No. 1:17-cv-08173-JHR-AMD<br><br>CLASS ACTION |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the parties seek entry of an order preliminarily approving the settlement of this action pursuant to the settlement agreement fully executed on August 20, 2018 (the "Settlement Agreement" or "Settlement"), which, together with its attached exhibits, sets forth the terms and conditions for a proposed settlement of the Action and dismissal of the Action with prejudice; and

WHEREAS, the Court has read and considered the Settlement and its exhibits, and Plaintiffs' Unopposed Motion for Preliminary Approval;

NOW, THEREFORE, IT IS ON THIS 25th DAY OF Sept., 2018, ORDERED THAT:

Case 1:17-cv-08173-JHR-AMD   Document 32   Filed 09/28/18   Page 2 of 9 PageID: 572

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

2. The Court preliminarily approves the Settlement as being within the range of reasonableness to the Settlement Class, subject to further consideration at the Final Approval Hearing described below.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the Settlement, the Settlement Class as follows:

> All residents of the continental United States who currently own or lease, or previously owned or leased, a Settlement Class Vehicle originally purchased or leased in the continental United States, including Alaska. Excluded from the Settlement Class are SOA, SBR, SOA's employees, SBR's employees, employees of SOA's and/or SBR's affiliated companies, SOA's and SBR's officers and directors, dealers that currently own Settlement Class Vehicles, all entities claiming to be subrogated to the rights of Settlement Class Members, issuers of extended vehicle warranties, and any Judge to whom the Litigation is assigned.

4. The Court appoints Joseph G. Sauder and Matthew D. Schelkopf as Class Counsel for the Settlement Class. Any Settlement Class Member may enter an appearance in the action, at their own expense, either individually or through

counsel. However, if they do not enter an appearance, they will be represented by Settlement Class Counsel.

5. The Court appoints Plaintiffs Vincente Salcedo, Gerald Linden, and Brian Mervin as Class Representatives.

6. The Court preliminarily finds, solely for purposes of the Settlement, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class; (d) the Class Representatives and Class Counsel have and will continue to fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy. The Court also preliminarily finds that certification of the Settlement Class is appropriate when balanced against the risks of continued litigation. It further appears that extensive and costly investigation, research, and discovery has been conducted such that counsel for the parties are reasonably able to evaluate the benefits of settlement, which will avoid substantial additional costs to the parties and reduce delay and risks associated with this action. It further appears that the Settlement has been

reached as a result of intensive, arm's-length negotiations and was reached with the assistance of mediation before the Honorable Dennis Cavanaugh (ret.).

7. The Court approves the form and content of the Claim Form (Exhibit A to the Settlement Agreement) and Class Notice (Exhibit B to the Settlement Agreement). The Court finds that the mailing of the Settlement Class Notice in the manner set forth in the Settlement, as well as the establishment of a settlement website, satisfies due process. The foregoing is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Settlement Class Members entitled to Class Notice. The Court authorizes the Parties to make non-material modifications to the Class Notice and Claim Form prior to publication if they jointly agree that any such changes are appropriate. Accordingly, the Court directs the following notice procedures to be effectuated on or before _January_ _7th_, 2018 (one hundred (100) days after the date of this Order):

    a. Individual direct mail (first class) notice regarding the Settlement will be sent to all Settlement Class Members using Subaru's database and verified with R.L. Polk & Co. (or a reasonable substitute agreed to by Class Counsel), verified with an address search through the United States Postal Service's National Change of Address database, and for each Class Notice returned as undeliverable, the Settlement Administrator shall re-mail the Class Notice if a

4

forwarding address has been provided and, if not, the Settlement Administrator shall perform an advanced address search (e.g. a skip trace) and re-mail any undeliverable notices to the extent any new and current addresses are located; and

      b.    Publication on a website to be established and maintained by the Settlement Administrator.

8. The Court appoints Subaru of America, Inc. as the Settlement Administrator. The Settlement Administrator is directed to perform all settlement administration duties set out in the Settlement Agreement, including establishing, maintaining, and administering a website dedicated to the Settlement which (i) will provide information about the Settlement including all relevant documents and (ii) will provide a means by which Settlement Class Members may submit their claims by mail or online. At least ten days before the Final Approval Hearing, the Settlement Administrator will provide an affidavit to Class Counsel attesting that Class Notice was disseminated in a manner consistent with the terms of the Settlement.

9. If Settlement Class Members do not wish to participate in the Settlement Class, they may exclude themselves. All requests to be excluded from the Settlement Class must be in writing, sent to the Settlement Administrator, and postmarked on or before the Opt-Out Deadline, which shall be forty-five (45) days after the mailing of the Class Notice.

      a.    Any request for exclusion must (1) state the Settlement Class Member's full name, current address, and telephone number; (2) identify the model, model year, date of acquisition, and Vehicle Identification Number ("VIN") of his/her vehicle(s); and (3) specifically and unambiguously state in writing his or her desire to be excluded from the Settlement Class and election to be excluded from any judgment entered pursuant to the settlement. No Request for Exclusion will be valid unless all of the information described above is included. All Settlement Class Members who exclude themselves from the Settlement Class will not be eligible to receive any monetary benefits under the settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against Subaru and other Released Parties.

    10.    Any Settlement Class Member who has not previously submitted a Request for Exclusion may object to the Settlement and appear at the Final Approval Hearing to support or oppose the approval of the Settlement Agreement. All objections and requests to appear at the Final Approval Hearing must be in writing and postmarked on or before the Objection Deadline, which shall be forty-five (45) days after the mailing of the Class Notice.

      a.    The following information must be provided in the Settlement Class Member's written objection: (1) the objector's full name, current address,

and current telephone number; (2) the model, model year, date of acquisition of his/her Settlement Class Vehicle(s), as well as the VIN of his/her Settlement Class Vehicle(s); (3) state that the objector has reviewed the Settlement Class definition and understands in good faith that he or she is a Settlement Class Member; (4) a written statement of all grounds for objection accompanied by any legal support for such objection; (5) copies of all papers, briefs, or other documents upon which the objection is based and are pertinent to the objection; and (6) state whether the Settlement Class Member complained to Defendants or a Subaru dealer about a Qualifying Failure or has had any Qualifying Repairs and, if so, provide evidence of any such complaint or repairs. In addition, any Settlement Class Member objecting to the Settlement must provide a detailed statement of any objections to any other class action settlements submitted in any court, whether state, federal, or otherwise, in the United States in the previous five (5) years, including the full case name, the jurisdiction in which it was filed in, and the docket number. If the Settlement Class Member has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he/she must affirmatively so state in the written materials provided in connection with the objection to this Settlement.

      b.     All objections and requests to appear at the Final Approval Hearing must be sent to the Court as well as to: Matthew D. Schelkopf, Sauder

Schelkopf LLC, 555 Lancaster Avenue, Berwyn, PA 19312; and Neal Walters, Ballard Spahr LLP, 210 Lake Drive East, Ste. 200, Cherry Hill, NJ 08002.

11. Any Settlement Class Member who does not object in the manner provided in this Order shall be deemed to have waived such objections and shall forever be foreclosed from objecting to the fairness, reasonableness, or adequacy of the proposed settlement and any judgment approving the settlement.

12. The Court hereby schedules the Final Approval Hearing for _February_ _20_, 2018 at _11 AM_ a.m./p.m. (not less than one hundred and forty-five (145) days after the date of this Order). The Final Approval Hearing will take place in Courtroom 5D of the United States District Court for the District of New Jersey, Camden Division, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101, to determine whether the proposed Settlement should be approved as fair, reasonable, and adequate, whether a judgment should be entered approving the Settlement, and whether Class Counsel's application for attorneys' fees and for incentive awards to the Class Representatives should be approved. The Court may adjourn the Final Approval Hearing without further notice to Settlement Class Members.

13. Settlement Class Members shall have until ninety (90) days after the Notice Date to submit Claim Forms. Claim Forms must be postmarked or submitted online by that date to be considered timely.

_____
Honorable Joseph H. Rodriguez
United States District Judge