# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICENTE SALCEDO, GERALD LINDEN, and BRIAN MERVIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SUBARU OF AMERICA, INC., a New Jersey Corporation, and SUBARU CORPORATION, a Japanese Corporation,<br><br>Defendants. | No. 1:17-cv-08173-JHR-AMD<br><br>**CLASS ACTION** |

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

**WHEREAS**, this matter has come before the Court pursuant to Plaintiffs' Unopposed Motion for an Order Granting Final Approval of Class Action Settlement and Certifying a Settlement Class (the "Motion");

**WHEREAS**, the Court finds that it has jurisdiction of this Action;

**WHEREAS**, on September 28, 2018, this Court granted Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement (the "Preliminary Approval Order");[1]

---

[1] Capitalized terms that are not otherwise defined herein are defined in the Settlement Agreement.

1

**WHEREAS**, the Settlement Class conditionally certified in the Preliminary Approval Order has been appropriately certified for settlement purposes only;

**WHEREAS**, the Court held a hearing on June 5, 2019 to consider the fairness, reasonableness, and adequacy of the Settlement Agreement, has been advised of all objections to the settlement, and has given fair consideration to all objections;

**WHEREAS**, the Court has considered the Motion, the Settlement Agreement (including its exhibits), and objections to the proposed settlement; and

**WHEREAS**, the Court otherwise fully advised in the premises and has considered the record of these proceedings, the representations, arguments, and recommendations of counsel for the parties, and the requirements of law.

**NOW, THEREFORE, IT IS ON THIS** 5th **DAY OF** June, **2019, ORDERED THAT:**

1. The terms of the Settlement Agreement are approved. The settlement is in all respects fair, reasonable, adequate, and proper, and in the best interest of the Settlement Class. In reaching this conclusion, the Court has considered a number of factors, including an assessment of the likelihood that the Class Representatives would prevail at trial; the range of possible recovery; the consideration provided to Settlement Class Members as compared to the range of possible recovery discounted for the inherent risks of litigation; the complexity,

expense, and possible duration of litigation in the absence of a settlement; the nature and extent of any objections to the settlement; and the stage of proceedings at which the settlement was reached. The proposed settlement was entered into by experienced counsel and only after extensive arms'-length negotiations. The proposed settlement is not the result of collusion. It was entered into in good faith, is reasonable, fair, and adequate, and is in the best interest of the Settlement Class. Class Counsel and the Class Representatives have fairly and adequately represented the Settlement Class.

2. Consistent with its Preliminary Approval Order, the Court hereby grants class certification of the following Settlement Class for purposes of final approval:

> All residents of the continental United States who currently own or lease, or previously owned or leased, a Settlement Class Vehicle originally purchased or leased in the continental United States, including Alaska. Excluded from the Settlement Class are SOA, SBR, SOA's employees, SBR's employees, employees of SOA's and/or SBR's affiliated companies, SOA's and SBR's officers and directors, dealers that currently own Settlement Class Vehicles, all entities claiming to be subrogated to the rights of Settlement Class Members, issuers of extended vehicle warranties, and any Judge to whom the Litigation is assigned.

3. With respect to the proposed Settlement Class, this Court has determined that, for purposes of settlement of the Action only, Plaintiffs have satisfied each of the Rule 23(a) prerequisites.

a. The Class Members are so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1).

b. There are questions of law or fact common to the Settlement Class. Fed. R. Civ. P. 23(a)(2). Common questions of law or fact include: (1) whether the Settlement Class Vehicles were subject to a common design defect; (2) whether Subaru failed to adequately disclose material facts related to the Settlement Class Vehicles prior to sale; (3) whether Subaru's conduct was unlawful; and (4) how any resulting monetary damages to consumers should be calculated.

c. The claims of the Class Representatives are typical of the claims of the Settlement Class. Fed. R. Civ. P. 23(a)(3). They have alleged that Subaru sold defective vehicles and failed to disclose (or to adequately disclose) material facts to all members of the Settlement Class.

d. The Class Representatives have fairly and adequately protected the interests of the Settlement Class. Fed. R. Civ. P. 23(a)(4). The Class Representatives do not have interests that are antagonistic to the Settlement Class and are fully aligned with the interests of other Settlement Class Members. Accordingly, the Court finds that the Class Representatives have satisfied Rule 23(a) for purposes of evaluating the settlement.

4. The Court also "finds that the questions of law or fact common to class members predominate over any questions affecting only individual members," and that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Here, Settlement Class Members share a common legal grievance arising from Subaru's alleged failure to disclose or adequately disclose material facts about the Settlement Class Vehicles' engines. Common legal and factual questions predominate over any individual questions that may exist for purposes of this settlement, and the fact that the Parties are able to resolve the case on terms applicable to all Settlement Class Members underscores the predominance of common legal and factual questions for purposes of this settlement. In concluding that the Settlement Class should be certified pursuant to Rule 23(b)(3) for settlement purposes, the Court further finds that a class action is superior for purposes of resolving these claims because individual class members have not shown any interest in individually controlling the prosecution of separate actions. Moreover, the cost of litigation likely outpaces the individual recovery available to any Settlement Class Members. *See* Fed. R. Civ. P. 23(b)(3)(A). Accordingly, the Court finds that, for purposes of this settlement, Rule 23(b)(3) has also been satisfied.

5. The Court finds that the notice program (i) satisfied the requirements of Rule 23(c)(3) and due process; (ii) was the best practicable notice under the circumstances; (iii) reasonably apprised Settlement Class Members of the pendency of the action and their right to object to the proposed settlement or opt out of the Settlement Class; and (iv) was reasonable and constituted due, adequate, and sufficient notice to all those entitled to receive notice. Additionally, the Notice adequately informed Settlement Class Members of their rights in the Action. Fed. R. Civ. P. 23(c)(2).

6. The Court hereby enters a judgment of dismissal, pursuant to Fed. R. Civ. P. 54(b), of the claims by the Settlement Class Members, with prejudice and without costs, except as specified in this order, and except as provided in the Court's order related to Plaintiffs' motion for attorneys' fees, expenses, and incentive awards. The Clerk of Court is directed to close this docket.

7. Pursuant to the Settlement Agreement, the Class Representatives and Settlement Class Members forever release, discharge, and covenant not to sue the Released Parties regarding any of the Released Claims. With respect to all Released Claims, the Class Representatives and the Settlement Class Members expressly waive and relinquish the Released Claims to the fullest extent permitted by law. These releases apply even if the Class Representatives or Settlement Class

Members subsequently discover facts in addition to or different from those which they now know or believe to be true.

8. A list of Settlement Class Members who have timely elected to opt out of the Settlement Class, and who therefore are not bound by the settlement or this Order, is attached to this Order as Exhibit A. All other members of the Settlement Class shall be subject to all of the provisions of the Settlement Agreement and this Order.

9. The Court has considered each of the objections, finds that they are unpersuasive and therefore overrules all of them.

10. Without any way affecting the finality of this Order, the Court retains jurisdiction over the Parties, including all Settlement Class Members, to construe and enforce the settlement for the mutual benefit of the Parties. The Court retains jurisdiction to enter any orders necessary or appropriate in implementing the Settlement Agreement, including but not limited to orders enjoining Settlement Class Members from prosecuting Released Claims. Consistent with the Settlement Agreement, it is further ordered that Settlement Class Members are permanently barred from initiating, asserting, or prosecuting any Released Claims against any of the Released Persons in any federal or state court in the United States or any other tribunal.

_____
Honorable Joseph H. Rodriguez
United States District Judge